UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| MATTEL, INC., | : | |
| Plaintiff, | : | |
| - against - | : | 19 Civ. 497 |
| THE ENTITY DOING BUSINESS | : | |
| AS THE PAYPAL MERCHANT | | |
| "ROSEWHOLESALE," THE ENTITY | : | |
| DOING BUSINESS AS THE PAYPAL | | |
| MERCHANT "DRESSLILY," THE | : | |
| ENTITY DOING BUSINESS AS THE | | |
| PAYPAL MERCHANT "LOLDOLLS," | : | |
| and THE ENTITY DOING BUSINESS | | |
| AS THE PAYPAL MERCHANT | : | |
| "ROSEGAL," | | |
| | : | |
| Defendants. | | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## COMPLAINT AND JURY DEMAND

Plaintiff Mattel, Inc. ("Mattel"), for its complaint against (i) the entity doing business as the PayPal Merchant "RoseWholesale" ("RoseWholesale"), (ii) the entity doing business as the PayPal Merchant "DressLily" ("DressLily"), (iii) the entity doing business as the PayPal Merchant "LolDolls" ("LolDolls"), and (iv) the entity doing business as the PayPal Merchant "Rosegal" ("Rosegal"), (collectively, "Defendants"), alleges:

<u>Nature of the Action</u>

1.     Mattel is bringing this action because Defendants have infringed Mattel's registered copyright VA-2-128-105 for a doll sculpture and infringed Mattel's registered trademark LIL' GLEEMERZ®.

<u>Jurisdiction and Venue</u>

2.     The Court has subject matter jurisdiction over Mattel's claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because those claims arise under the Copyright Act, 17 U.S.C. § 101 *et seq*. and the Lanham Act, 15 U.S.C. § 1051 *et seq.*

3.     Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

4.     The Court has personal jurisdiction over the Defendants pursuant to New York CPLR § 302(a)(1) because they have contracted to supply goods in this State, or shipped goods into this State, from which the present claims arise.

<u>The Parties to this Action</u>

5.     Mattel is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in El Segundo, California.

6.     Upon information and belief, RoseWholesale is a company organized and existing under the laws of the People's Republic of China ("China"), with its principal place of business in Shenzhen, China.

7.     Upon information and belief, DressLily is a company organized and existing under the laws of China, with its principal place of business in Shenzhen, China.

8.     Upon information and belief, LolDolls is a company organized and existing under the laws of China, with its principal place of business in Hefei City, China.

9.     Upon information and belief, Rosegal is a company organized and existing under the laws of China, with its principal place of business in Shenzhen, China.

<u>Background of this Action</u>

A.    <u>Mattel's LIL' GLEEMERZ® Products</u>

10.    Mattel, with its family of companies, manufactures consumer products and is one of the world's most successful manufacturers and marketers of toys, games, and playthings.

11.    Mattel manufactures, among other things, electronic toy figures, including dolls which it advertises and distributes using the mark LIL' GLEEMERZ® ("Gleemerz Dolls").

B.    <u>Mattel's Ownership of the Copyrighted Gleemerz Doll Sculpture</u>

12.    The Gleemerz Dolls contain an original sculptural element ("the Gleemerz Doll Sculpture").

13.    Mattel is the author of the Gleemerz Doll Sculpture, and has at all times been the sole owner of all right, title and interest in the copyright in it.

14.    Mattel registered the copyright in the Gleemerz Doll Sculpture with the United States Copyright Office.  On or about November 28, 2018, Mattel received for its work United States Copyright Registration Number VA 2-128-105, which is valid and enforceable.  A copy of Copyright Registration Number VA 2-128-105 is attached as Exhibit A, and a copy of the copyright deposit is attached as Exhibit B.

C.    <u>Mattel's Ownership of the LIL' GLEEMERZ® Mark</u>

15.    The LIL' GLEEMERZ® mark is registered on the Principal Register of the U.S. Patent & Trademark Office as U.S. Trademark Registration No. 5,636,456 (the "LIL' GLEEMERZ® Registration"), for, among other things, "electronic toy figures and accessories." The LIL' GLEEMERZ® Registration is valid and subsisting.  Mattel owns the LIL' GLEEMERZ® Registration.  A true and correct copy of the LIL' GLEEMERZ® Registration is attached as Exhibit C.

16.     Mattel has used the mark LIL' GLEEMERZ® in connection with the sale of Gleemerz Dolls in interstate commerce since at least as early as July 16, 2018.  A copy of Mattel's use of the LIL' GLEEMERZ® mark in interstate Commerce is attached as Exhibit D.

17.     Mattel's rights in the LIL' GLEEMERZ® mark are valid and subsisting.

18.     The LIL' GLEEMERZ® mark is inherently distinctive, and its intrinsic nature serves to identify Mattel as the source of the goods.

19.     Upon information and belief, the general public associates the LIL' GLEEMERZ® mark with high quality, distinguishing Mattel's products from those of its competitors.

D.      <u>Defendants' Infringing Activities</u>

20.     Upon information and belief, Defendants are engaged in the sale and distribution of, *inter alia*, toys and novelty items.

21.     Upon information and belief, Defendants reproduced the Gleemerz Doll Sculpture, and/or publicly distributed the unauthorized reproductions of the Gleemerz Doll Sculpture.  Upon information and belief, Defendants reproduced and publicly displayed, without authorization, photographs containing the Gleemerz Doll Sculpture in connection with their advertisements and sales.  Upon information and belief, Defendants have advertised and sold infringing Gleemerz Dolls using the phrase "LIL' GLEEMERZ," after Mattel first used its mark in commerce.

22.     Specifically, upon information and belief, RoseWholesale, through its website Rosewholesale.com, (i) reproduced the Gleemerz Doll Sculpture, and/or publicly distributed unauthorized reproductions of the Gleemerz Doll Sculpture, (ii) reproduced, and/or publicly displayed, without authorization, photographs containing the Gleemerz Doll Sculpture, in

4

connection with advertisements and sales, and (iii) used "LIL' GLEEMERZ" as a mark in interstate and international commerce to advertise and sell the infringing Gleemerz Dolls.

23.     Upon information and belief, DressLily, through its website Dresslily.com (i) reproduced the Gleemerz Doll Sculpture, and/or publicly distributed unauthorized reproductions of the Gleemerz Doll Sculpture, (ii) reproduced, and/or publicly displayed, without authorization, photographs containing the Gleemerz Doll Sculpture, in connection with advertisements and sales, and (iii) used "LIL' GLEEMERZ" as a mark in interstate and international commerce to advertise and sell the infringing Gleemerz Dolls.

24.     Upon information and belief, LolDolls, through its website Phonehihi.com, (i) reproduced the Gleemerz Doll Sculpture, and/or publicly distributed unauthorized reproductions of the Gleemerz Doll Sculpture, (ii) reproduced, and/or publicly displayed, without authorization, photographs containing the Gleemerz Doll Sculpture, in connection with advertisements and sales, and (iii) used "LIL' GLEEMERZ" as a mark in interstate and international commerce to advertise and sell the infringing Gleemerz Dolls.

25.     Upon information and belief, Rosegal, through its website Rosegal.com (i) reproduced the Gleemerz Doll Sculpture, and/or publicly distributed unauthorized reproductions of the Gleemerz Doll Sculpture, (ii) reproduced, and/or publicly displayed, without authorization, photographs containing the Gleemerz Doll Sculpture, in connection with advertisements and sales, and (iii) used "LIL' GLEEMERZ" as a mark in interstate and international commerce to advertise and sell the infringing Gleemerz Dolls.

26.     Mattel has not licensed, or otherwise authorized, Defendants to reproduce the Gleemerz Doll Sculpture.

27.     Mattel has not licensed, or otherwise authorized, Defendants to distribute to the

public unauthorized copies of the Gleemerz Doll Sculpture.

28.     Mattel has not licensed, or otherwise authorized, Defendants to reproduce, and/or publicly display, photographs of the Gleemerz Doll Sculpture.

29.     Mattel has not licensed, or otherwise authorized, Defendants to use Mattel's LIL' GLEEMERZ® mark.

30.     Upon information and belief, Defendants' infringement of the LIL' GLEEMERZ® mark, and the copyright in the Gleemerz Doll Sculpture, was intentional and/or reckless.

A FIRST CLAIM FOR RELIEF
(Infringement of the Gleemerz Doll Sculpture Copyright – 17 U.S.C. §§ 106, 501)

31.     Mattel incorporates by reference each allegation contained in paragraphs 1 through 30 above as if fully stated herein.

32.     Mattel owns the copyright in the Gleemerz Doll Sculpture, and the Gleemerz Doll Sculpture Registration, which are valid and enforceable.

33.     Defendants infringed the copyright registered in the Gleemerz Doll Sculpture Registration in at least the following ways.

34.     Defendants infringed the copyright in the Gleemerz Doll Sculpture by reproducing the Gleemerz Doll Sculpture in violation of 17 U.S.C. § 106(1).

35.     Defendants infringed the copyright in the Gleemerz Doll Sculpture by reproducing photographs of the Gleemerz Doll Sculpture in violation of 17 U.S.C. § 106(1).

36.     Defendants infringed the copyright in the Gleemerz Doll Sculpture by publicly distributing unauthorized copies of the Gleemerz Doll Sculpture in violation of 17 U.S.C. § 106(3).

37.     Defendants infringed the copyright in the Gleemerz Doll Sculpture by publicly displaying photographs containing the Gleemerz Doll Sculpture in violation of 17 U.S.C. § 106(5).

38.     Upon information and belief, Defendants' foregoing acts of infringement were willful and/or in reckless disregard to Mattel's rights.

39.     As a direct result of Defendants' infringements of the copyright in the Gleemerz Doll Sculpture, Mattel is entitled, pursuant to 17 U.S.C. § 504(b), to its damages and/or Defendants' profits from the infringements.

40.     Alternatively, Mattel is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) of up to $150,000 for the willful infringement of the copyright in the Gleemerz Doll Sculpture.

A SECOND CLAIM FOR RELIEF
(Trademark Infringement Under 15 U.S.C. § 1114(1)(a))

41.     Mattel incorporates by reference the allegations contained in paragraphs 1 through 40 above as if fully stated herein.

42.     The LIL' GLEEMERZ® mark is valid and enforceable.

43.     The LIL' GLEEMERZ® Registration is valid and enforceable.

44.     Mattel did not consent to Defendants' use of "LIL' GLEEMERZ," in connection with the sale of their electronic toy figures or otherwise.

45.     Defendants' use of "LIL' GLEEMERZ" in connection with the sale of their electronic toy figures is identical to the LIL' GLEEMERZ® mark.

46.     Defendants' use in commerce of "LIL' GLEEMERZ" for electronic toy figures is likely to cause confusion as to the source or sponsorship of Defendants' products, and to deceive purchasers as to the affiliation, connection, or association of Mattel with those products.

47.     Upon information and belief, at the time Defendants began using "LIL' GLEEMERZ," Defendants knew of (i) Mattel's ownership of the LIL' GLEEMERZ® mark, and (ii) the valuable goodwill and reputation of the LIL' GLEEMERZ® mark.

48.     Defendants' acts constitute an infringement of Mattel's LIL' GLEEMERZ® mark in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a).

49.     As a direct and proximate result of Defendants' infringing acts, Mattel has suffered and will continue to suffer damage to its business reputation and goodwill.  Defendants will continue, unless restrained, to use "LIL' GLEEMERZ," and will cause irreparable damage to Mattel.  Mattel has no adequate remedy at law.  Mattel is entitled to an injunction, pursuant to 15 U.S.C. § 1116(a), restraining Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with any of them, from engaging in further acts of trademark infringement.

50.     Mattel is further entitled to recover from Defendants the actual damages it sustained as a result of Defendants' infringing acts, and Defendants' profits from their infringing acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

51.     Because of the willful nature of Defendants' infringing acts, Mattel is entitled to an award of treble damages or treble profits under 15 U.S.C. § 1117(a).

52.     Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

A THIRD CLAIM FOR RELIEF
(Trademark Counterfeiting Under 15 U.S.C. § 1116(d)(1))

53.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1 through 52 above as if fully stated herein.

54.     Defendants have infringed Mattel's LIL' GLEEMERZ® mark through the use of a

counterfeit mark within the meaning of 15 U.S.C. § 1116(d)(1)(B).

55.     Defendants intentionally used a counterfeit of Mattel's LIL' GLEEMERZ® mark.

56.     As a result of Defendants' intentional use of a counterfeit of Mattel's LIL' GLEEMERZ® mark, Mattel is entitled pursuant to 15 U.S.C. § 1117(b) to recover treble its damages or treble Defendants' profits from the sale of their "LIL' GLEEMERZ" products.

57.     Alternatively, as a result of Defendants' intentional use of a counterfeit of Mattel's LIL' GLEEMERZ® mark, Mattel is entitled to statutory damages of not less than $1,000, but not more than $2,000,000, pursuant to 15 U.S.C. § 1117(c).

58.     Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(b).

## A FOURTH CLAIM FOR RELIEF
### (False Designation of Origin Under 15 U.S.C. § 1125(a))

59.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1 through 58 above as if fully stated herein.

60.     Defendants' actions with respect to their marketing and selling "LIL' GLEEMERZ" products constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

61.     Defendants' use of the term "LIL' GLEEMERZ" functions to falsely identify the source of its infringing Gleemerz Dolls.

62.     As a direct and proximate result of Defendants' wrongful acts, Mattel has suffered, and continues to suffer, damage to its business reputation and goodwill.  Defendants will continue, unless restrained, to use the LIL' GLEEMERZ® mark and will cause irreparable damage to Mattel.  Mattel has no adequate remedy at law.  Mattel is entitled to an injunction, pursuant to 15 U.S.C. § 1116(a), restraining Defendants, their officers, agents, servants,

employees and attorneys, and all persons acting in concert with any of them, from engaging in further acts of false designation of origin.

63.   Mattel is also entitled to recover from Defendants the actual damages Mattel sustained as a result of Defendants' infringing acts, and/or Defendants' profits from their infringing acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

64.   Because of the willful nature of Defendants' wrongful acts, Mattel is entitled to an award of treble damages or treble profits pursuant to 15 U.S.C. § 1117(a).

65.   Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Mattel demands judgment:

1.   Finding that Defendants violated Mattel's copyright rights under 17 U.S.C. § 106;

2.   Finding that Defendants violated Mattel's trademark rights under 15 U.S.C. § 1114, 15 U.S.C. § 1116(d)(1), and 15 U.S.C. § 1125(a);

3.   Enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, preliminarily during the pendency of this action and permanently thereafter, from:

a.   Infringing the copyright in the Gleemerz Doll Sculpture in violation of 17 U.S.C. § 501;

b.   Manufacturing, transporting, promoting, importing, advertising,

publicizing, distributing, offering for sale, or selling any goods under Mattel's LIL'
GLEEMERZ® mark, or any other mark, name, symbol, or logo that incorporates or is
confusingly similar to Mattel's LIL' GLEEMERZ® mark;

c.      Selling any product in connection with a counterfeit of Mattel's LIL'
GLEEMERZ® mark; and

d.      Falsely designating Mattel as the source of their goods, falsely implying
that Mattel endorsed Defendants' goods, or engaging in any act or series of acts which,
either alone or in combination, constitutes unfair methods of competition with Mattel and
from otherwise interfering with, or injuring, Mattel's LIL' GLEEMERZ® mark or the
goodwill associated therewith;

4.      Granting Mattel damages against Defendants, including treble and/or statutory
damages, according to proof at trial;

5.      Awarding Mattel its damages or Defendants' profits, or alternatively, at Mattel's
election, statutory damages, as a result of Defendants' willful infringement of the copyright in
the Gleemerz Doll Sculpture;

6.      Ordering that Defendants account to Mattel for any and all profits earned as a
result of Defendants' aforesaid acts of infringement in violation of Mattel's rights under the
Lanham Act;

7.      Granting an award of treble damages or treble profits pursuant to 15 U.S.C.
§ 1117 for Defendants' infringement of Mattel's LIL' GLEEMERZ® mark;

8.      Directing that Defendants engage in such additional activities, including, but not
limited to, recalls of products and corrective advertising, as may be necessary and appropriate to
mitigate the damage Defendants have caused;

9.      Granting Mattel its costs, expenses, and reasonable attorney's fees;

10.     Granting Mattel pre-judgement interest; and

11.     Granting Mattel such other and further relief as is just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mattel hereby demands a

trial by jury of all issues in this action that are so triable.

Dated: New York, New York                    DUNNEGAN & SCILEPPI LLC
       January 17, 2019

                                          By  *s/William Dunnegan*
                                           William Dunnegan (WD9316)
                                         wd@dunnegan.com
                                         Laura Scileppi (LS0114)
                                         ls@dunnegan.com
                                       Attorneys for Plaintiff
                                           Mattel, Inc.
                                         350 Fifth Avenue
                                         New York, New York 10118
                                         (212) 332-8300